IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                           Case No. 17-CR-10096-JTM

SYCARR E. GREENLEY,
        Defendant.

## MEMORANDUM AND ORDER

Before the court is defendant Sycarr E. Greenley's Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255 (Dkt. 83). Greenley argues that his guilty plea

and conviction under 18 U.S.C. § 922(g)(1), aiding and abetting a firearm by a convicted

felon, should be set aside due to ineffective assistance of counsel. Specifically, Greenley

contends that he explicitly instructed his counsel to file an appeal of the court's denial of

his motion to suppress and the court's acceptance of the base offense levels set forth in

Greenley's Presentence Investigation Report, and that instead counsel instructed

Greenley to sign a plea agreement containing an appeal waiver provision. The United

States has filed a response (Dkt. 86), in which it admits that Greenley's counsel was

ineffective if Greenley did, in fact, specifically instruct counsel to appeal and counsel did

not follow those instructions.

To establish ineffective assistance of counsel, a defendant must show that

counsel's representation fell below an objective standard of reasonableness, and that

counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466

U.S. 668, 687 (1984). The Supreme Court has determined that *Strickland's* standard applies

to claims like Greenley's that counsel was ineffective for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professional unreasonable." *Id.* (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)).

Here, Greenley claims that he discussed the potential for appeal with his appointed counsel, and was advised by counsel that "there were no appealable issues." (Dkt. 83, p. 3). Greenley contends that in spite of counsel's assessment he instructed counsel to appeal the court's denial of his motion to suppress and the court's calculation of the base offense level at the time of sentencing. (*Id.*). Ultimately, Greenley entered a plea agreement which contained an appeal waiver provision. (Dkt. 63, para. 10). If, as Greenley contends, he specifically instructed counsel to file a notice of appeal as to the suppression and sentencing issues, and counsel did not do so, Greenley received constitutionally ineffective assistance of counsel.

The court is not privy to the discussions between Greenley and counsel, however, and cannot determine whether Greenley specifically instructed his counsel to file a timely appeal. In *Flores-Ortega*, the Supreme Court discussed the test to be used in cases where a defendant neither specifically instructs counsel to file an appeal, nor directs that the appeal be disregarded. 528 U.S. at 478. The first question the court must ask is whether counsel "consulted" the defendant about an appeal, meaning that counsel advised the defendant about the relative merits of an appeal and made a reasonable effort to discover the defendant's wishes about pursuing the appeal. *United States v. Kelley*, 318 Fed. Appx. 682, 688 (10th Cir. 2009) (citing *Flores*, 528 U.S. at 478). "If counsel has consulted with the

defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* (citation omitted).

If counsel did not consult with the defendant, then the court must determine whether counsel had a duty to consult. "The duty arises 'when there is a reason to think either (1) that a rational defendant would want to appeal … or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480). If counsel had a duty to consult regarding an appeal and failed to do so, then the court must consider the second prong of the *Strickland* test – whether defendant can show prejudice based upon counsel's deficient performance.

In this instance, it is clear that Greenley had some conversations with counsel regarding his wish to appeal. Greenley has provided the court with emails between his original appointed counsel and subsequent appointed counsel, which show that counsel discussed with Greenley the ability to appeal the court's denial of the motion to suppress after a conditional plea. (Dkt. 83, p. 36). The exchanges further show that Greenley rejected an offer of a ten-year sentence on an unconditional plea in favor of a fifteen-year sentence on a conditional plea. (*Id.*). Counsel's email indicates "There is really nothing else to appeal. I never told Sycarr that he could appeal anything else in this case, based upon a conditional plea." (*Id.*).

An attorney's advice that there is "nothing to appeal" does not meet the Supreme Court's definition of "consult." *Kelley*, 318 Fed. Appx. at 686 (finding an attorney's

statement that a plea agreement would leave defendant "nothing to appeal" does not inform a defendant of any advantages of taking an appeal, or demonstrate an effort to determine a defendant's wishes to pursue an appeal). The Tenth Circuit has also determined that such a statement "is potentially misleading to a defendant who has not waived his appellate rights." *Id.* Consequently, it does not appear that counsel's discussions with Greenley met the standard of consultation required by the Supreme Court.

The court must next consider whether counsel had a duty to consult, which would arise if a rational defendant would have desired an appeal or if Greenley reasonably demonstrated to counsel that he was interested in appealing. *Flores-Ortega*, 528 U.S. at 480. The court finds that regardless of counsel's assessment of the potential merits of an appeal, Greenley reasonably demonstrated to counsel that he was interested in pursuing one. The court's finding is based upon the email exchanges between counsel regarding counsel's advice to Greenley and Greenley's initial rejection of a plea offer that would have resulted in a substantially lower sentence in favor of a conditional plea that would have allowed him to retain the right to appeal the court's denial of the motion to suppress. Because Greenley reasonably demonstrated his interest in appeal to counsel, counsel had a duty to properly consult with him regarding that appeal. *See Kelley*, 318 Fed. Appx. at 687-88.

The court, having determined that counsel failed to fulfill the constitutional obligation to consult with Greenley regarding an appeal, must determine whether that failure was prejudicial to Greenley such that Greenley can satisfy the second prong of

*Strickland.* To show prejudice, Greenley need not show that an appeal would have been successful, only that "'there is reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'" *Kelley*, 318 Fed. Appx. at 688 (quoting *Flores-Ortega*, 580 U.S. at 484). Where a defendant reasonably demonstrates his desire to file an appeal and clearly indicates that he intended to file an appeal, he has demonstrated a reasonable probability that, but for counsel's failure to consult, he would have pursued the appeal. *Id.* Greenley has shown that he reasonably demonstrated his desire to appeal to counsel, and, if the court accepts the statements in Greenley's motion as true, specifically directed his counsel to file an appeal notwithstanding counsel's assessment of the merits of an appeal. Greenley has consequently established that he was prejudiced as a result of counsel's conduct.

Counsel here either had a duty to comply with Greenley's express directive concerning an appeal, or a duty to properly consult with Greenley concerning that appeal. Counsel failed to discharge either of those duties, and that failure was prejudicial to Greenley. **IT IS THEREFORE ORDERED** that Greenley's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 83) is **GRANTED** and the judgment against Greenley on Count 5 of the Indictment is **VACATED.** Because Greenley specifically requested an appeal, the court accordingly **REINSTATES** the judgment against Greenley effective fourteen days from the date of this Memorandum and Order, so that Greenley may file a timely appeal. The court further **APPOINTS** the Federal Public Defender to represent Greenley in any such appeal. In the event the Federal Public Defender determines that it has a conflict of

interest in representation of Greenley, the court authorizes appointment of a member of the Court's CJA panel for such purpose.

**IT IS SO ORDERED** this 20th day of July, 2020.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT