IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 17-10096-JWB

SYCARR E. GREENLEY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions to reduce his sentence. (Docs. 100, 104.) The motions are fully briefed and ripe for decision.[1] (Docs. 100, 103, 104.) The motions are DENIED for the reasons stated herein.

**I.   Facts**

The indictment against Defendant Sycarr Greenley charged him with five counts: (1) possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); (2) possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841 (a)(1); (3) possession with the intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1); (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (5) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 1–3.) Defendant entered a plea agreement with the Government, in which he pleaded guilty to count five

---

[1] Defendant did not file a reply to the government's response (Doc. 104) and the time for doing so has now passed. The government's response (Doc. 103) addresses Defendant's second motion to reduce his sentence (Doc. 104), in which Defendant reasserted his argument to reduce his sentence pursuant to Part A of Amendment 821 to the United States Sentencing Guidelines.

1

of the indictment. (Doc. 63 at 3.) The plea agreement contained an appeal waiver. (Doc. 63 at 5.)

During sentencing, it was determined that Defendant had five criminal history points, which resulted in a criminal history category of III. (Doc. 66 at 18.) His offense level was 31. (*Id.* at 8.) A criminal history category of III and an offense level of 31 yielded a Sentencing Guidelines range of 135–168 months. (Doc. 66 at 27.) However, the offense to which Defendant pleaded guilty had a statutory maximum sentence of 120 months. (*See id.*) Thus, on April 5, 2019, Defendant was sentenced to 120 months. (Doc. 72 at 1–2.)

Defendant then filed a motion to vacate the judgment against him pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. (Doc. 83.) Defendant's ineffective assistance of counsel claim was that Defendant specifically instructed his counsel to file an appeal "of the court's denial of his motion to suppress and the court's acceptance of the base offense levels set forth in [Defendant's] Presentence Investigation Report, and that instead counsel instructed [Defendant] to sign a plea agreement containing an appeal waiver provision." (Doc. 87 at 1.) The district court granted Defendant's § 2255 motion and vacated the judgment against him from April 5, 2019. (Doc. 87 at 5.) The district court then reinstated the April 5 judgment on July 27, 2020, so that Defendant could timely file an appeal. (Doc. 89.) On appeal, the government filed a motion to enforce the appeal waiver provision in the plea agreement. (*Id.*) After proper briefing on the government's enforcement motion, the Tenth Circuit granted the motion and dismissed Defendant's appeal. (Doc. 99 at 6.)

Hence, the controlling judgment against Defendant is the one that the district court imposed on July 27, 2020. (Doc. 89 at 1.) Accordingly, Defendant is serving a sentence of 120 months. (*Id.* at 2.)

However, at issue here are Defendant's motions to reduce his sentence. He seeks a reduction on two grounds: (1) for extraordinary and compelling reasons, and (2) Part A of Amendment 821 to the Sentencing Guidelines.

### II. Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). In other words, Congress must expressly grant a district court jurisdiction to modify a defendant's sentence. *See United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020). Under 18 U.S.C. § 3582(c), Congress gave federal district courts jurisdiction to grant sentence reductions. *See id.* Defendant seeks to reduce his sentence via alternative theories under § 3582(c).

First, Defendant relies upon § 3582(c)(1)(A). Under that statute, a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980

3

F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id*.  A court may deny the motion when any of the three requirements is lacking, and the court need not address the other requirements.  *Id*. at 1043.  But all requirements must be addressed when the court grants a motion for release under the statute.  *Id*.

Second, Defendant relies on § 3582(c)(2), which permits a sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *See* 18 U.S.C. § 3582(c)(2).  The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.  *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).  Part A of Amendment 821 limits the criminal history impact of "status points."  *See* 821, United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited July 2, 2024); U.S.S.G. § 4A1.1(e).  Part A reduces the impact committing an offense while serving a criminal justice sentence has on a defendant's criminal history category computation.

The court takes Defendant's arguments in turn.

4

### III. Analysis

#### A.      Compassionate Release – 18 U.S.C. § 3582(c)(1)(A)(i)[2]

Defendant argues that he should receive a sentence reduction because of extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A). He claims that a Supreme Court decision has rendered his conviction unconstitutional, and that this constitutes an extraordinary and compelling reasons to reduce his sentence. He relies on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and the Third Circuit's interpretation of *Bruen* in *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 99 (3d Cir. 2023). He argues that the Third Circuit's interpretation of *Bruen* makes prior convictions for violations of 922(g)(1) invalid. (Doc. 100 at 9.) Hence, under Defendant's reasoning, his § 922(g)(1) conviction now violates the Second Amendment, and thus, is unconstitutional.

First, a decision from the Third Circuit Court of Appeals is not binding on this court. Second, the Tenth Circuit has determined that after *Bruen*, laws that prohibit felons from possessing firearms remain good law. *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023). This court is bound by the decisions of the Tenth Circuit Court of Appeals. *See United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020). Lastly, Defendant improperly asserts a 28 U.S.C. § 2255 claim in a motion to reduce a prison sentence. He argues that because of the Court's decision in *Bruen,* and the Third Circuit's subsequent interpretation of *Bruen*, his conviction for violating 18 U.S.C. § 922(g)(1) runs afoul of the Second Amendment. (*See* Doc. 100 at 9.) In effect, Defendant alleges that his conviction violates the Constitution, a claim properly pursued via a § 2255 motion rather than a motion for compassionate release under §

---

[2] Defendant asserts that he exhausted his administrative remedies. (Doc. 100 at 8.) The government does not address Defendant's exhaustion arguments, so the court concludes that it has waived the defense that Defendant has not exhausted his administrative remedies.

3582(c)(1)(A). *See United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023), *cert. denied*, No. 23-6384, 2024 WL 2883879 (U.S. June 10, 2024).

For the forgoing reasons, the court finds that Defendant's substantive argument—that his conviction is unconstitutional—lacks merit, and that he raises the argument in a procedurally deficient manner. Therefore, Defendant's request for compassionate release under § 3582(c)(1)(A) for the extraordinary and compelling reason that his conviction is unconstitutional is denied.

### B.     Part A of Amendment 821 – 18 U.S.C. § 3582(c)(2)

Defendant also seeks a reduction of his sentence pursuant to Part A of Amendment 821 of the United States Sentencing Guidelines. The Sentencing Commission amended the Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited June 2, 2024). Part A removed the first sentence of § 4A1.1(d) and added § 4A1.1(e). Prior to Amendment 821, subsection (d), in part, added two points to a criminal history score if an offense was committed while under supervised release. *See id.* However, that provision was removed, and under Section 4A1.1(e), a defendant receives only one criminal history point if he commits an offense while on supervised release and received 7 or more criminal history points under subsections (a) through (d). *See id.*

When Defendant was sentenced, he received two additional criminal history points because he committed the offense for which he pleaded guilty while on supervised release. (Doc. 66 at 18.) As a result, he had a criminal history score of 5 and a criminal history category of III. (*Id.* at 18.) His offense level was 31. (*Id.* at 8.) With a criminal history category of III and a

criminal offense level of 31, Defendant's Sentencing Guidelines range was 135 to 168 months. (*Id.* at 27.)

However, when Defendant was sentenced, 18 U.S.C. § 924(a)(2) imposed a statutory maximum sentence of 10 years for violations of 18 U.S.C. § 922(g).[3]  *See* 18 U.S.C. § 924(a)(2) (2019), *amended by* Bipartisan Safer Communities Act, Pub. L. No. 117–159, § 934(c)(1), 136 Stat. 1313, 1329 (2022).  Thus, the court sentenced Defendant to 10 years, (Doc. 89 at 2), and Defendant's Guidelines range became 120 months.  *See* U.S.S.G. 5G1.1.

Defendant now argues that he should receive a sentence reduction because Part A of Amendment 821 would reduce his criminal history score to three points and he would have a criminal history category of II.  (*See* Doc. 100 at 10–14; *see* Doc. 104).  With a criminal history category of II and an offense level of 31, Defendant's amended Sentencing Guidelines range would be 121 to 151 months, except that it is necessarily reduced to 120 months based on the statutory cap of ten years, which still applies to the offense of conviction.

Accordingly, Defendant's Guideline range is not impacted by the amendment to the Sentencing Guidelines and he is not eligible for a reduction in sentence based on the amendments. *See* 18 U.S.C. § 3582(c)(2).  Therefore, Defendant's motion for a sentence reduction predicated upon Part A of Amendment 821 is denied.

### IV. Conclusion

For the reasons stated herein, Defendant's motions to reduce his sentence are DENIED. IT IS SO ORDERED.  Dated this 15th day of July, 2024.

                                                            _s/ John W. Broomes_
                                                            JOHN W. BROOMES
                                                            UNITED STATES DISTRICT JUDGE

---

[3] Violations of 18 U.S.C. § 922(g) no longer carry a maximum sentence of ten years.