IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No.  07-10142-16-JWB
                                                              17-10096-JWB

SYCARR GREENLEY,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions for release of grand jury transcripts and other materials.  (Case 07-10142, Doc. 1979; Case 17-10096, Docs. 106, 107.)  Defendant's motions are DENIED for the reasons stated herein.

Defendant was indicted in this court on two separate occasions in 2007 and 2017.  In Case No. 07-10142-16, Defendant was sentenced in August 2009 to 96 months custody on two counts charging him with conspiracy to participate in a racketeer influenced and corrupt organization (RICO) and possession with intent to distribute cocaine base.  (Doc. 1374.)  In that case, Defendant was one of 20 individuals charged in an indictment alleging serious RICO violations.  In Case No. 17-10096, Defendant pled guilty to a charge of felon in possession of a firearm.  He was sentenced to 120 months on April 5, 2019.  (Case No. 17-10096, Docs. 72, 89.)  Defendant remains in custody serving this sentence.

Defendant has filed motions in these cases to obtain the grand jury transcripts of both proceedings and the Axon body camera video.  Defendant seeks the transcript and video so that he may support his request for a presidential pardon.  (Doc. 1979.)

1

"Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 n. 9 (1979). To be entitled to production, Defendant must show a "particularized need for the documents that outweighs the public policy of grand jury secrecy." *United States v. Anderson*, 915 F. Supp. 1146, 1157 (D. Kan. 1996), *aff'd*, 114 F.3d 1059 (10th Cir. 1997) (citing *United States v. Warren*, 747 F.2d 1339, 1347 (10th Cir. 1984)). Although Defendant states that he needs these records for a request for a presidential pardon, Defendant fails to identify any authority that would show such a request is appropriate. Upon a review of various authority, the court could not locate any authority to suggest that this is an appropriate disclosure of secret grand jury proceedings.

Moreover, Federal Rule of Criminal Procedure 6(e) contemplates scenarios under which disclosure of secret grand jury proceedings are appropriate. Under Rule 6(e)(3)(E)(ii), the court may authorize disclosure of grand jury matters upon the "request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Defendant does not seek disclosure on this basis. The rule does not contemplate release of the transcripts to a defendant for a presidential pardon request. Moreover, one of Defendant's cases involves 19 other Defendants. Therefore, disclosure of the grand jury proceedings would include the secret proceedings involving 19 other individuals.

Defendant also seeks release of police video in this matter. Defendant fails to provide a sufficient justification to release evidence to him in this case.

In any event, there were extensive pretrial reports prepared in both criminal cases that would provide the background and evidence involving Defendant's convictions in this case. Defendant has failed to provide any basis for the court to determine that there is a need for the

2

grand jury proceedings and Axon video in light of those reports which are in the record. The court finds that Defendant has not met his burden to show a particularized need that outweighs the public policy of grand jury secrecy.

Defendants' motions for disclosure (Case 07-10142, Doc. 1979; Case 17-10096, Docs. 106, 107) are DENIED.

IT IS SO ORDERED. Dated this 15th day of May, 2025.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE